IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DELBERT GLENN ROGERS, § <br> Institutional ID No. 02634254, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MARSHA McLANE, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:22-CV-130-BQ |

## REPORT AND RECOMMENDATION[1]

Before the Court is a document filed by pro se Plaintiff Delbert Glenn Rogers titled "Motion for Relief Requesting Order Pending Action." ECF No. 21. The precise relief Rogers seeks through the motion is unclear, but under a very liberal reading, the Court understands Rogers as moving for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c). *See id.* at 4 ("Plaintiff respectfully prays that the court will enter judgment on the Plaintiff, Delbert G. Rogers, behalf of relief of punitive damages, and compensatory relief damages, of deprive threats of objective Embezzlement Criminal [A]ctivities and Threats corruption to extortion [sic all]."). Because Rogers's filing is not properly before the Court and is otherwise premature, the undersigned recommends that the United States District Judge **DENY** the motion.

### I. Background

Proceeding pro se and *in forma pauperis*, Rogers filed this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights while confined at the Texas Civil

---

[1] Rogers filed a form simultaneously indicating he both consents and declines to consent to proceed before a magistrate judge. ECF No. 15. The undersigned attempted to clarify whether Rogers wishes to consent (*see* ECF No. 18), but Rogers responded to that inquiry by again checking both the boxes for consent and non-consent. *See* ECF No. 20. In an abundance of caution, the undersigned enters this Report and Recommendation in accordance with the order of transfer and 28 U.S.C. § 636(b). *See* ECF No. 12.

Commitment Center (TCCC). *See* ECF No. 3. The United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 12.

Rogers was tried and civilly adjudged to be a sexually violent predator (SVP), as defined by Texas Health & Safety Code § 841.003. Upon his release from the Texas Department of Criminal Justice (TDCJ) after completing his criminal sentence, the State of Texas transferred Rogers to the Bill Clayton Detention Center in Littlefield, Texas,[2] where he remains confined for inpatient treatment in accordance with the provisions of Texas Health & Safety Code § 841.081.

Rogers is confined pursuant to an order of civil commitment; therefore, he is not considered a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and is not subject to the screening procedures of 28 U.S.C. § 1915A. *See Bohannan v. Doe*, 527 F. App'x 283, 289–90 (5th Cir. 2013) (per curiam) (concluding that a civilly committed SVP was not a prisoner within the meaning of the Prison Litigation Reform Act); *Michau v. Charleston Cnty.*, 434 F.3d 725, 727 (4th Cir. 2006) (same); *Allen v. Seiler*, No. 4:12–CV–414–Y, 2013 WL 357614, at *1 n.1 (N.D. Tex.), *aff'd*, 535 F. App'x 423, 423 (5th Cir. 2013) (per curiam) (citing *Jackson v. Johnson*, 475 F.3d 261, 266 (5th Cir. 2007)) (same). However, the undersigned granted Rogers's Application to Proceed *In Forma Pauperis* (IFP) (ECF Nos. 14, 16); thus, he is subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B).

In his Amended Complaint, the operative pleading, Rogers raises numerous claims against the following Defendants: (1) Marsha McLane, Executive Director of the TCCO; (2) Jessica March, "T.C.C.O. lawyer for Ms. Marsha McLane"; (3) Jamie Owens, case manager; (4) Kellen

---

[2] The Bill Clayton Detention Center is also known as the TCCC, which is apparently currently operated by Management & Training Corporation (MTC), a private company under contract with the Texas Civil Commitment Office (TCCO).

Winslow, therapist; (5) Amy Curtis, unknown title. Am. Compl. 1, 3, ECF No. 13.³ Rogers's claims are difficult to decipher, but his allegations can be best categorized as follows: due process violations; denial of adequate therapeutic treatment; conspiracy; retaliation; and criminal violations, including embezzlement and unnamed violations of the Texas Penal Code. *Id.* at 1–25.

When the Court granted Rogers permission to proceed IFP, it stated that "[s]ervice of process shall be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2)." ECF No. 16, at 1 ¶ 1. The Court is in the process of screening Rogers's claims, having ordered authenticated records from the TCCC and TCCO. ECF No. 19. Thus, the Court has not yet determined whether service on Defendants is appropriate, and Defendants have not made an appearance in the case.

## II.  Discussion

At the outset, the Court observes that Rogers did not provide notice of his ostensible Rule 12(c) motion to Defendants. *See* ECF No. 21, at 6. Local Civil Rule 7.1 contemplates service on Defendants so that they may respond to the motion. *See* N.D. Tex. Loc. Civ. R. 7.1(e).

More significantly, Rule 12(c) provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). While neither Rule 7 nor Rule 12 specifically explains when the pleadings close, federal courts have found "that this occurs upon the filing of a complaint and an answer, absent the interjection of a counterclaim, cross claim, or third-party claim, in which event the subsequent responsive filing 'normally will mark the close of the pleadings.'" *Nationwide Agribusiness Ins. Co. v. Varco Pruden Bldgs., Inc.*, No. 5:19-CV-083-M-BQ, 2020 WL 5046528, at *3 (N.D. Tex. Aug. 3, 2020) (quoting *Davis v. Nissan Motor Acceptance Corp.*, No. 3:09-CV-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009)). *R.*

---

³ Page citations to Rogers's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

*& R. adopted by* 2020 WL 5038072 (N.D. Tex. Aug. 26, 2020); *see Dillard v. Davis*, No. 7:19-cv-00081-M-BP, 2022 WL 329984, at *2 (N.D. Tex. Jan. 6, 2022) (concluding that "pleadings are 'closed' once the plaintiff files a complaint, and the defendants file their answer"), *R. & R. adopted by* 2022 WL 326567 (N.D. Tex. Feb. 3, 2022); *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, No. 3:02–CV–0032–D, 2002 WL 31114077, at *1 n.1 (N.D. Tex. Sept. 20, 2002) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and answer, unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply, cross-claim answer, or third-party answer normally will mark the close of the pleadings." (citation omitted)). Here, none of the Defendants have been served, much less answered. Thus, the pleadings have not "closed," and Rogers's motion is premature. *See, e.g., Nortel*, 2002 WL 31114077, at *1 n.1; *Dillard*, 2022 WL 329984, at *2.

Finally, the Court notes that a Rule 12(c) motion is evaluated under the same standard as one under Rule 12(b)(6). *See Lashley v. Pfizer, Inc.*, 750 F.3d 470, 474 (5th Cir. 2014). That is, the Court accepts as true all allegations in the non-moving party's pleadings and evaluates whether the party has stated a claim upon which relief can be granted. *See id.* But until the Court has completed screening in accordance with § 1915, which statutorily requires the Court to engage in a Rule 12(b)(6) evaluation of Rogers's claims, any attempt by Rogers to seek judgment on the pleadings through a Rule 12(c) is improper. *See, e.g., Fox v. Seals*, No. 18-9694, 2019 WL 1748432, at *2 (E.D. La. Mar. 28, 2019), *R. & R. adopted by* 2019 WL 1746380 (E.D. La. Apr. 18, 2019).

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** Rogers's "Motion for Relief Requesting Order Pending Action." ECF No. 21.

### IV.  Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 11, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE