IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DELBERT GLENN ROGERS, Institutional ID No. 02634254, Plaintiff, v. MARSHA McLANE, *et al.*, Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. 5:22-CV-130-BQ |

## REPORT AND RECOMMENDATION[1]

Pro se Plaintiff Delbert Glenn Rogers filed this 42 U.S.C. § 1983 action, alleging violations of his constitutional rights while confined at the Texas Civil Commitment Center (TCCC). *See* ECF No. 3. While in the preliminary screening stage and prior to Defendants being served with process, Rogers filed a motion for summary judgment, asserting that there is no genuine issue of material fact as to his claims. Mot. for Summ. J. 6–8, ECF No. 22 [hereinafter Mot.].[2] Because Rogers's Motion is premature, the undersigned recommends that the United States District Judge **DENY** Rogers's Motion for Summary Judgment.

### I.   Rogers's Allegations and Procedural History

In his Amended Complaint, the operative pleading, Rogers raises numerous claims against the following Defendants: (1) Marsha McLane, Executive Director of the Texas Civil Commitment Office (TCCO); (2) Jessica Marsh, "T.C.C.O. lawyer for Ms. Marsha McLane"; (3) Jamie Owens, case manager; (4) Kellen Winslow, therapist; and (5) Amy Curtis, unknown title.

---

[1] Rogers initially filed a form indicating he both consents and declines to consent to proceed before a magistrate judge. ECF No. 15. The undersigned attempted to clarify Rogers's true intentions (*see* ECF No. 18), but Rogers responded to that inquiry by again checking both the boxes for consent and non-consent. *See* ECF No. 20.

[2] Page citations to Rogers's filings refer to the electronic page number assigned by the Court's electronic filing system.

Am. Compl. 1, 3, ECF No. 13; *see* Questionnaire 1, 3–25, ECF No. 28 (responding to the Court's questionnaire intended to further develop Rogers's claims). Rogers's claims are difficult to decipher, but his allegations fall into the following categories: due process violations; denial of adequate therapeutic treatment; conspiracy; retaliation; and purported criminal violations, including embezzlement and unnamed violations of the Texas Penal Code. Am. Compl. 1–25; *see* Questionnaire 1, 3–25.

The Court is in the process of screening this case under 28 U.S.C. § 1915. *See* ECF No. 16. Thus, Defendants have not been served with process or appeared in this action. Although Defendants have not answered Rogers's claims, he now moves for summary judgment on his claims for embezzlement, racketeering, defamation, and denial of adequate therapeutic treatment. Mot. 1–2.

## II. Summary Judgment Standard

Where the pleadings and evidence show that no genuine issue of material fact exists, the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.*

The movant "bears the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of [the record] . . . [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant will have the burden of proof on a claim or defense at trial, he "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "The court has noted that the 'beyond peradventure'

standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 923–24 (N.D. Tex. 2009) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007)).

In considering a summary judgment motion, courts must view all facts and inferences in the light most favorable to the non-moving party and resolve any disputed material facts in that party's favor. *Anderson*, 477 U.S. at 255; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Where, as here, a plaintiff files a motion for summary judgment, he essentially "takes the position that he is entitled to prevail as a matter of law because the opponent has no valid . . . defense to the action." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2711 (4th ed. Apr. 2022 Update).

### III. Discussion

#### A. Rogers's Motion

Rogers seeks summary judgment on the following claims: (1) embezzlement or obstruction of justice against Defendants McLane and Owens; (2) denial of therapeutic treatment against Defendants McLane, Marsh, Owens, Winslow, and Curtis; (3) racketeering against all Defendants; and (4) defamation against Defendants McLane, Marsh, Owens, Winslow, and Curtis. Mot. 1–2. In his Motion, which consists of four pages, Rogers primarily quotes from legal sources and does not point the Court to *any* evidence supporting each element of his claims. *See id.* at 1–3. Indeed, Rogers does not attach or otherwise cite *any* competent summary judgment evidence concerning the purported constitutional violations. *See id.* at 1–4.

#### B. Analysis

At the outset, the Court observes that Rogers filed his Motion less than three months after initiating this suit. The Court is in the process of screening Rogers's claims, as statutorily required under § 1915, and as a result, Defendants have not been served or otherwise answered, nor have

the parties engaged in discovery. *See* ECF No. 16, at 1 ¶¶ 1, 3 (directing service of process withheld pending judicial screening and staying discovery "until an answer is filed or until further order"). In addition, Rogers does not indicate that he provided notice of the Motion to Defendants. *See* Mot. 4.

The Fifth Circuit has explained that "[s]ummary judgment assumes some discovery" (*Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)), and such motions should not "ordinarily be granted before discovery has been completed." *Ala. Farm Bureau Mut. Cas. Co., Inc. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979); *see F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, *after discovery*, there is no genuine dispute over any material fact."). As a result, courts have denied as premature summary judgment motions filed before the parties have had adequate opportunity to conduct discovery. *See, e.g., Brown*, 311 F.3d at 333–34 (holding district court abused its discretion by declining to rule on plaintiff's request for discovery but then "grant[ing] summary judgment on the grounds that there was insufficient evidence of [defendant's] involvement in a conspiracy, precisely the type of evidence sought by [plaintiff]"); *Cree v. Braco*, No. 2:21-CV-00208, 2022 WL 1379512, at *1 (S.D. Tex. Apr. 6, 2022) (recommending the district judge deny without prejudice as premature plaintiff's summary judgment motion, where defendant had not yet answered and no discovery had taken place), *R. & R. adopted sub nom. Cree v. Collier*, 2022 WL 1321043 (S.D. Tex. May 3, 2022); *Whitfield v. Miss. Bureau of Narcotics*, No. 3:17cv987-HSO-JCG, 2019 WL 6534144, at *4 (S.D. Miss. Dec. 4, 2019) ("Because neither party has had adequate time to complete discovery, [p]laintiff's [m]otion for [s]ummary [j]udgment should be denied without prejudice as premature."); *George v. Go Frac, LLC*, No. SA-15-CV-943-XR, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) ("Granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature.").

More fundamentally, courts have denied plaintiffs' summary judgment motions where they were filed before the defendant answered or while the court was in the process of conducting preliminary screening under § 1915. *See, e.g., Johnson v. Gutierrez*, No. 9:21-cv-46, 2021 WL 6693938, at *1 (E.D. Tex. Dec. 16, 2021) (concluding plaintiff's motion for summary judgment was premature, where plaintiff filed it before defendants had been served with process and answered), *R. & R. adopted sub nom. Rayford v. Gutierrez*, 2022 WL 233194 (E.D. Tex. Jan. 25, 2022); *Williams v. Taylor Cnty. Jail*, No. 1:20-CV-00266-BU, 2021 WL 3434992, at *1 (N.D. Tex. July 1, 2021) (recommending denial of plaintiff's summary judgment motion where judicial screening remained pending, summons had not yet issued, and defendants had not answered), *R. & R. adopted by* 2021 WL 3421416 (N.D. Tex. Aug. 5, 2021); *Watkins v. Monroe*, No. 6:18cv347, 2019 WL 1869864, at *1 (E.D. Tex. Mar. 27, 2019) ("Federal courts are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers."), *R. & R. adopted by* 2019 WL 1858100 (E.D. Tex. Apr. 25, 2019); *Mack v. Doe*, No. 3:08-CV-0343-N, 2008 WL 2097169, at *1 (N.D. Tex. May 16, 2008) (explaining that a motion for summary judgment "is premature in a case subjected to preliminary screening").

Because (1) Defendants have not yet been served or answered Rogers's claims, (2) the parties have not conducted any discovery, and (3) the Court is in the process of screening this case, Rogers's Motion is not only premature but inappropriate. The undersigned therefore recommends denial of Rogers's Motion.

## IV.   Recommendation

For these reasons, the undersigned **RECOMMENDS** that the United States District Judge deny without prejudice Rogers's Motion for Summary Judgment. ECF No. 22. The undersigned further **RECOMMENDS** that the district judge transfer the case back to the undersigned after

ruling on this Report and Recommendation, as well as the one entered October 11, 2022 (ECF No. 24), so that the undersigned may continue preliminary screening under § 1915.

## V. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 14, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE